972 F.2d 1346
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Tom Arvid NELSON, Defendant-Appellant.
 No. 89-50567.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 10, 1992.*
Decided July 22, 1992.
 
 Before CHAMBERS, SNEED and D.W. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Tom Nelson appeals from the district court's denial of his motion to suppress evidence prior to trial. He also appeals his jury conviction for carrying a firearm while committing a crime of violence, specifically, armed bank robbery, in violation of 18 U.S.C. § 924(c).
 
 
 3
 Nelson was arrested in a motel parking lot. A search of his truck produced a gun. Nelson claims he did not consent to the search. The arresting officer says Nelson consented. A suppression hearing was held over whether or not the gun was admissible.
 
 
 4
 The evidence presented at the suppression hearing must be viewed in the light most favorable to the government. United States v. Castillo, 866 F.2d 1071, 1082 (9th Cir.1989). Nelson claims he did not consent to the search, while Officer Larson testified that Nelson did in fact consent. Officer Larson's testimony was supported by that of Officer Guessferd, who testified that Larson relayed Nelson's consent to her at the scene. After considering this conflicting testimony, the district judge found that Larson's and Guessferd's testimony was credible, while Nelson's was not. Credibility determinations are matters left to the trier of fact and are reviewed only for clear error. United States v. Vasquez, 858 F.2d 1387, 1391 (9th Cir.1988), Cert. denied, 488 U.S. 1034 (1989). Particularly in light of the fact that Nelson's testimony on other issues was inconsistent, we cannot conclude that the trial court's decision to believe the officers was clearly erroneous.[1] We affirm the district court's conclusion that the gun was properly admitted pursuant to a consensual search.
 
 
 5
 Nelson further argues that there was insufficient evidence to prove beyond a reasonable doubt that Nelson actually possessed a "firearm" during the November 5, 1988 bank robbery. Nelson pled guilty to three earlier bank robberies during which he used a toy gun. He contends he used that same toy gun in this robbery also.
 
 
 6
 In examining whether the evidence presented at trial is sufficient to support a conviction, we must determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979); United States v. Mares, 940 F.2d 455, 458 (9th Cir.1991). Our responsibility is to determine whether the jury could have reasonably arrived at its verdict, not whether the evidence excludes every hypothesis except guilt. Id. We must draw all reasonable inferences in favor of the Government. United States v. Davis, 932 F.2d 752, 761 (9th Cir.1991).
 
 
 7
 In this case the jury heard the testimony of the victim, who after having been shown the toy gun and the real gun, positively stated that he was not robbed with the toy gun and that the real gun "resembled" the object used in the robbery. Further, the jury heard testimony that during the previous three robberies with a toy gun, Nelson concealed part of the gun with his shirt or a towel. In this robbery he waved a gun about. Finally, the jury heard testimony that the day prior to the robbery, Nelson stole a vehicle which contained a gun and ammunition.
 
 
 8
 We find that the jury reasonably arrived at its verdict.
 
 
 9
 We affirm the trial court.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Nelson suggests in his brief that his consent, if given, may have been involuntary. We decline to consider this contention here because Nelson did not challenge the voluntariness of his consent below